1  Brent H. Blakely (SBN 157292)
   bblakely@blakelylawgroup.com
2  Cindy Chan (SBN 247495)
   cchan@blakelylawgroup.com
3  Jessica C. Covington (SBN 301816)
   jcovington@blakelylawgroup.com
4  BLAKELY LAW GROUP
   1334 Parkview Avenue, Suite 280
5  Manhattan Beach, California 90266
   Telephone: (310) 546-7400
6  Facsimile: (310) 546-7401

7  *Attorneys for Plaintiff*
   *Deckers Outdoor Corporation*

8

9                  UNITED STATES DISTRICT COURT

10                 CENTRAL DISTRICT OF CALIFORNIA

11  DECKERS OUTDOOR                 ) CASE NO.
    CORPORATION, a Delaware         )
12  Corporation,                    )
                                    ) **COMPLAINT FOR DAMAGES AND**
13                 Plaintiff,       ) **EQUITABLE RELIEF:**
                                    )
14         v.                       ) **1. TRADE DRESS INFRINGEMENT;**
                                    )
15  TOP GUY INT'L TRADING, LLC, a   ) **2. PATENT INFRINGEMENT – U.S.**
    California Limited Liability Company; ) **PATENT NO. D616,189**
16  and DOES 1-10, inclusive,       )
                                    ) **3. TRADE DRESS INFRINGEMENT**
17                 Defendants.      ) **UNDER CALIFORNIA COMMON**
                                    ) **LAW;**
18                                  )
                                    ) **4. UNFAIR COMPETITION**
19                                  ) **CALIFORNIA UNFAIR BUSINESS**
                                    ) **PRACTICES ACT, CAL. BUS. &**
20                                  ) **PROF. CODE, § 17200, ET. SEQ.;**
                                    )
21                                  ) **5. UNFAIR COMPETITION UNDER**
                                    ) **CALIFORNIA COMMON LAW**
22                                  )
                                    ) **JURY TRIAL DEMANDED**
23                                  )

24      **Plaintiff Deckers Outdoor Corporation** for its claims against **Defendant Top**

25  **Guy Int'l Trading, LLC** respectfully alleges as follows:

                        **JURISDICTION AND VENUE**
26

27      1.      Plaintiff files this action against Defendant for trade dress infringement

28  and unfair competition under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et

seq. (the "Lanham Act"), patent infringement arising under the patent laws of the United States, and for related claims under the statutory and common law of the state of California.  This Court has subject matter jurisdiction over the claims alleged in this action pursuant to 28 U.S.C. §§ 1331, 1338.

2.     This Court has personal jurisdiction over Defendant because Defendant is incorporated, domiciled, and/or does business within this judicial district.

3.     This action arises out of wrongful acts by Defendant within this judicial district and Plaintiff is located and has been injured in this judicial district by Defendant's alleged wrongful acts.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the claims asserted arise in this district.

## THE PARTIES

4.     Plaintiff Deckers Outdoor Corporation ("Deckers") is a corporation organized and existing under the laws of the state of Delaware with an office and principal place of business in Goleta, California.  Deckers designs and markets footwear identified by its many famous trademarks including its UGG® trademark.

5.     Upon information and belief, Defendant Top Guy Int'l Trading, LLC ("Defendant") is a California limited liability company with an office and principal place of business located at 333 Brea Canyon Road, City of Industry, California 91789.

6.     Deckers is unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names.  Deckers will seek leave to amend this complaint when their true names and capacities are ascertained.  Deckers is informed and believes and based thereon alleges that said Defendant and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

7.     Deckers is informed and believes, and based thereon alleges, that at all relevant times herein, Defendant and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior. Deckers further alleges that Defendant and DOES 1 through 10, inclusive, have a non-delegable duty to prevent or not further such acts and the behavior described herein, which duty Defendant and DOES 1 through 10, inclusive, failed and/or refused to perform.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

**A.     Deckers' UGG® Brand**

8.     Deckers has been engaged in the design, distribution, marketing, offering for sale, and sale of footwear since 1975.  Deckers owns several brands of footwear including UGG®, Koolaburra®, Teva®, Sanuk®, and Hoka One One®.

9.     Deckers' UGG® brand remains one of the most recognized and relevant comfort shoe brands in the industry.  Since 1978, when the UGG® brand was founded, the popularity of UGG® boots has steadily grown across the nation and even the globe. The UGG® brand has always been and remains highly coveted by consumers. This commitment to quality has helped to propel the UGG® brand to its current, overwhelming level of popularity and cemented its status as a luxury brand.

10.     It has now been seventeen years since UGG® boots were first featured on Oprah's Favorite Things® in the year 2000, and Oprah emphatically declared on national television how much she "LOOOOOVES her UGG boots." The popularity of UGG® brand footwear has grown exponentially since then with celebrities including Kate Hudson and Sarah Jessica Parker among a myriad of others regularly donning them.  UGG® sheepskin boots have become a high fashion luxury item and can be found on fashion runways around the world.

11.     Deckers' UGG® products are distributed and sold to consumers through authorized retailers throughout the United States at point-of-sale and on the Internet,

including through its UGG® Concept Stores and its website www.ugg.com.

**B.    Defendant's Infringing Activities**

12.    Upon information and belief, Defendant manufactures, designs, advertises, markets, distributes, offers for sale, and/or sells footwear for women under the "TOP MODA" brand.

13.    The present lawsuit arises from Defendant's willful infringement of Deckers' UGG® boot designs, to which Deckers owns design patent and/or trade dress rights, including rights to the UGG® "Bailey Button Triplet" boot, by certain of Defendant's footwear products ("Accused Products"), exemplars of this are shown below.

 

*Accused Products*

14.    Deckers is informed and believes and herein alleges that Defendant is a competitor and has copied Deckers' boot designs in an effort to exploit Deckers' reputation in the market.

15.    Upon information and belief, Defendant may have sold additional products that infringe upon Deckers' design patents and trade dresses. Deckers may seek leave to amend as additional information becomes available through discovery.

16.    Deckers has not granted a license or any other form of permission to Defendant with respect to its trademarks, design patents, trade dresses, or other intellectual property.

1    17.    Deckers is informed and believes and herein alleges that Defendant has

2  acted in bad faith and that Defendant's acts have misled and confused and were

3  intended to cause confusion, or to cause mistake, or to deceive as to the affiliation,

4  connection, or association of Defendant's Accused Products with Deckers, or as to the

5  origin, sponsorship, or approval of Defendant's Accused Products by Deckers.

6                                    **FIRST CLAIM FOR RELIEF**

7                        **(Trade Dress Infringement - 15 U.S.C. § 1125(a))**

8    18.    Deckers incorporates herein by reference the averments of the preceding

9  paragraphs as though fully set forth herein.

10    19.    The UGG® Bailey Button boot was introduced in 2009 and the "Bailey

11  Button Boot Trade Dress" is unique and distinctive, consisting of a combination of the

12  following non-functional elements:

13    i    Classic suede boot styling made famous by the UGG® brand;

14    i    Overlapping of front and rear panels on the lateral side of the boot shaft;

15    i    Curved top edges on the overlapping panels;

16    i    Exposed fleece-type lining edging the overlapping panels and top of the

17  boot shaft; and

18    i    One or more buttons (depending on the height of the boot) prominently

19  featured on the lateral side of the boot shaft adjacent the overlapping panels

20  (hereinafter "Bailey Button Boot Trade Dress").




20.     The Bailey Button Boot Trade Dress, which is a composite of the above-referenced features, is non-functional in its entirety, visually distinctive, and is unique in the footwear industry.

21.     The design of the Bailey Button Boot Trade Dress is neither essential to its use or purpose nor does it affect the cost or quality of the boot.  There are numerous other designs available that are equally feasible and efficient, none of which necessitate copying or imitating the Bailey Button Boot Trade Dress.  The aforesaid combination of features provides no cost advantages to the manufacturer or utilitarian advantages to the consumer.  These features, in combination, serve only to render Deckers' UGG® Bailey Button boots distinct and recognizable as goods originating from Deckers' UGG® brand.

22.     The Bailey Button Boot Trade Dress is an original design by Deckers and has achieved a high degree of consumer recognition and secondary meaning, which serves to identify Deckers as the source of footwear featuring said trade dress.

23.     The Bailey Button Boot Trade Dress is one of the most well-recognized and commercially successful styles of Deckers' UGG® brand of footwear, having been featured on Deckers' advertising and promotional materials as well as in various trade publications.  Furthermore, the Bailey Button Boot Trade Dress has been featured in connection with various celebrities, has received a large volume of unsolicited media attention, and has graced the pages of many popular magazines nationwide and internationally.

24.     Deckers has spent substantial time, effort, and money in designing, developing, advertising, promoting, and marketing the UGG® brand and its line of footwear embodying the Bailey Button Boot Trade Dress.  Deckers spends millions of dollars annually on advertising of UGG® products, which include products bearing the Bailey Button Boot Trade Dress.

25.     Deckers has sold hundreds of millions of dollars worth of UGG® products bearing the Bailey Button Boot Trade Dress.

26.     Due to its long use, extensive sales, and significant advertising and promotional activities, Deckers' Bailey Button Boot Trade Dress has achieved widespread acceptance and recognition among the consuming public and trade throughout the United States.

27.     There are numerous other boot designs in the footwear industry, none of which necessitate copying or imitating the Bailey Button Boot Trade Dress.  However, due to the popularity and consumer recognition achieved by the Bailey Button boot, said design has often been the subject of infringement by third-parties, including Defendant.

28.     Deckers is informed and believes and herein alleges that Defendant is a competitor and has copied Deckers' Bailey Button Boot Trade Dress in an effort to exploit Deckers' reputation in the market.

29.     The Accused Products produced, distributed, advertised and offered for sale by Defendant bear nearly identical reproductions of the Bailey Button Boot Trade Dress, such as to cause a likelihood of confusion as to the source, sponsorship or approval by Deckers of Defendant's products.

30.     Defendant's use of Deckers' Bailey Button Boot Trade Dress is without Deckers' permission or authority and in total disregard of Deckers' rights to control its intellectual property.

31.     Defendant's use of Deckers' Bailey Button Boot Trade Dress is likely to lead to and result in confusion, mistake or deception, and is likely to cause the public to believe that Defendant's products are produced, sponsored, authorized, or licensed by or are otherwise connected or affiliated with Deckers, all to the detriment of Deckers.

32.     Deckers has no adequate remedy at law.

33.     In light of the foregoing, Deckers is entitled to injunctive relief prohibiting Defendant from using Deckers' Bailey Button Boot Trade Dress, or any designs confusingly similar thereto, and to recover all damages, including attorneys'

1  fees, that Deckers has sustained and will sustain, and all gains, profits and advantages

2  obtained by Defendant as a result of its infringing acts alleged above in an amount not

3  yet known, as well as the costs of this action.

### SECOND CLAIM FOR RELIEF

4

5  **(Patent Infringement - U.S. Patent No. D616,189)**

6      34.    Deckers incorporates herein by reference the averments of the preceding

7  paragraphs as though fully set forth herein.

8      35.    Deckers is the owner of numerous design patents to the various styles of

9  footwear it offers under its UGG® brand.  These design patents include but are not

10  limited to the "Bailey Button Triplet" boot (U.S. Patent No. D616,189 issued on May

11  25, 2010), a true and correct copy of which is attached hereto and incorporated herein

12  as Exhibit A (" '189 Patent").

13      36.    Deckers is the owner by assignment of all right, title and interest in and to

14  the '189 Patent.

15      37.    Defendant has used, caused to be produced, distributed, advertised,

16  marketed, offered for sale, sold within the United States, and/or has imported into the

17  United States footwear that is substantially similar to the '189 Patent in direct violation

18  of 35 U.S.C. § 271.  An example of the Accused Product is shown at the far right of

19  the '189 Patent drawing and genuine UGG® Bailey Button Triplet boot below:

20

21

22    

23

24

25

26

27  **Design Patent D616,189**       **UGG® Bailey Button**       **Defendant's Accused Boot**
                                      **Triplet Boot**

28      38.    Defendant's aforesaid infringing acts are without Deckers' permission or

1  authority and are in total disregard of Deckers' right to control its intellectual property.

2      39.    As a direct and proximate result of Defendant's infringing conduct,

3  Deckers has been injured and will continue to suffer injury to its business and

4  reputation unless Defendant is restrained by this Court from infringing Deckers' '189

5  Patent.

6      40.    Defendant's acts have damaged and will continue to damage Deckers, and

7  Deckers has no adequate remedy at law.

8      41.    Deckers marks all footwear products embodying the design of the '189

9  Patent with "Pat. No. 616,189" on a product label in compliance with 35 U.S.C. § 287.

10     42.    Given the widespread popularity and recognition of Deckers' Bailey

11 Button Triplet boot and the patent notice provided on the products themselves, Deckers

12 avers and hereon alleges that Defendant had pre-suit knowledge of Deckers' rights to

13 the '189 Patent and has intentionally copied said design on its own brand of products

14 in an effort to pass them off as if they originated, are associated with, are affiliated

15 with, are sponsored by, are authorized by, and/or are approved by Deckers.

16     43.    On information and belief, Defendant's acts herein complained of

17 constitute willful acts and intentional infringement of the '189 Patent.

18     44.    In light of the foregoing, Deckers is entitled to injunctive relief

19 prohibiting Defendant from infringing the '189 Patent and to recover damages

20 adequate to compensate for the infringement, including Defendant's profits pursuant to

21 35 U.S.C. § 289.  Deckers is also entitled to recover any other damages as appropriate

22 pursuant to 35 U.S.C. § 284.

23                        **THIRD CLAIM FOR RELIEF**

24              **(Trade Dress Infringement under California Common Law)**

25     45.    Deckers incorporates herein by reference the averments of the preceding

26 paragraphs as though fully set forth herein.

27     46.    Defendant's infringement of the Bailey Button Boot Trade Dress

28 constitutes common law trade dress infringement in violation of the common law of

1  the state of California.

2      47.    Defendant's unauthorized use of the Bailey Button Boot Trade Dress has

3  caused and is likely to cause confusion as to the source of Defendant's products, all to

4  the detriment of Deckers.

5      48.    Defendant's acts are willful, deliberate, and intended to confuse the public

6  and to injure Deckers.

7      49.    Deckers has no adequate remedy at law to compensate it fully for the

8  damages that have been caused and which will continue to be caused by Defendant's

9  infringing conduct, unless it is enjoined by this Court.

10      50.    The conduct herein complained of was extreme, outrageous, and was

11  inflicted on Deckers in reckless disregard of Deckers' rights.  Said conduct was

12  despicable and harmful to Deckers and as such supports an award of exemplary and

13  punitive damages in an amount sufficient to punish and make an example of

14  Defendant, and to deter it from similar such conduct in the future.

15      51.    In light of the foregoing, Deckers is entitled to injunctive relief

16  prohibiting Defendant from infringing the Bailey Button Boot Trade Dress, and to

17  recover all damages, including attorneys' fees, that Deckers has sustained and will

18  sustain, and all gains, profits and advantages obtained by Defendant as a result of its

19  infringing acts alleged above in an amount not yet known, and the costs of this action.

20  **FOURTH CLAIM FOR RELIEF**

21  (**Unfair Competition – California Unfair Business Practices Act, Cal. Bus. & Prof.**

22  **Code, § 17200, et. seq.**)

23      52.    Deckers incorporates herein by reference the averments of the preceding

24  paragraphs as though fully set forth herein.

25      53.    Defendant's appropriation, adoption and use of the Bailey Button Boot

26  Trade Dress, or in connection with the sale and offering for sale of footwear is likely to

27  confuse or mislead consumers into believing that Defendant's goods are authorized,

28  licensed, affiliated, sponsored, and/or approved by Deckers, thus constituting a

1  violation of the California Unfair Business Practices Act, Cal. Bus. & Prof. Code, §
2  17200, et. seq.

3      54.    The deceptive, unfair and fraudulent practices set forth herein have been
4  undertaken with knowledge by Defendant willfully with the intention of causing harm
5  to Deckers and for the calculated purpose of misappropriating Deckers' goodwill and
6  business reputation.

7      55.    In fact, Deckers has previously sued Defendant for infringement of the
8  Bailey Button Boot Trade Dress as well as other UGG® boot designs. This pattern of
9  infringing the Bailey Button Boot Trade Dress and other UGG® boot designs is further
10 evidence of willfulness and the intent to unfairly trade off of the goodwill established
11 by Deckers in its intellectual property.

12     56.    Defendant's use of Deckers' Bailey Button Boot Trade Dress has
13 deprived Deckers of the right to control the use of its intellectual property.

14     57.    As a direct and proximate result of Defendant's unlawful infringement,
15 Deckers has suffered damages and will continue to suffer damages in an amount that is
16 not presently ascertainable but will be proven at trial. Deckers is entitled to all
17 available relief provided for in California Unfair Business Practices Act, Cal. Bus. &
18 Prof. Code, § 17200, et. seq. including permanent injunctive relief.

19     58.    Defendant committed the acts alleged herein intentionally, fraudulently,
20 maliciously, willfully, wantonly and oppressively, with intent to injure Deckers in its
21 business and with conscious disregard for Deckers' rights, thereby justifying awards of
22 punitive and exemplary damages in amounts sufficient to punish and to set an example
23 for others.

24            **FIFTH CLAIM FOR RELIEF**

25        **(Unfair Competition under California Common Law)**

26     59.    Deckers incorporates herein by reference the averments of the preceding
27 paragraphs as though fully set forth herein.

28     60.    Defendant's infringement of the Bailey Button Boot Trade Dress

1  constitutes unfair competition in violation of the common law of the state of
2  California.

3      61.     Defendant is a competitor of Deckers and has copied Deckers' boot
4  designs in an effort to exploit Deckers' reputation in the market.

5      62.     Defendant's infringing acts were intended to capitalize on Deckers'
6  goodwill associated therewith for Defendant's own pecuniary gain.  Deckers has
7  expended substantial time, resources and effort to obtain an excellent reputation for its
8  brands of footwear.  As a result of Deckers' efforts, Defendant is now unjustly
9  enriched and is benefiting from property rights that rightfully belong to Deckers.

10     63.     Defendant's acts are willful, deliberate, and intended to confuse the public
11 and to injure Deckers.

12     64.     Deckers has no adequate remedy at law to compensate it fully for the
13 damages that have been caused and which will continue to be caused by Defendant's
14 infringing conduct, unless it is enjoined by this Court.

15     65.     The conduct herein complained of was extreme, outrageous, and was
16 inflicted on Deckers in reckless disregard of Deckers' rights.  Said conduct was
17 despicable and harmful to Deckers and as such supports an award of exemplary and
18 punitive damages in an amount sufficient to punish and make an example of
19 Defendant, and to deter it from similar such conduct in the future.

20     66.     In light of the foregoing, Deckers is entitled to injunctive relief
21 prohibiting Defendant from infringing the Bailey Button Boot Trade Dress and to
22 recover all damages, including attorneys' fees, that Deckers has sustained and will
23 sustain, and all gains, profits and advantages obtained by Defendant as a result of its
24 infringing acts alleged above in an amount not yet known, and the costs of this action.

25                        **PRAYER FOR RELIEF**

26     WHEREFORE, Plaintiff Deckers Outdoor Corporation respectfully prays for
27 judgment against Defendant Top Guy Int'l Trading , LLC as follows:

28     1.      A judgment that Defendant has infringed Deckers' Bailey Button Boot

Trade Dress and '189 Patent and that said infringement was willful;

2.     An order granting temporary, preliminary and permanent injunctive relief restraining and enjoining Defendant, its agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with any of them from using Deckers' intellectual property, including, but not limited to:

a.     Manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling the Accused Products or any other products which bear Deckers' Bailey Button Boot Trade Dress and/or any designs confusingly similar thereto, as well as any products bearing designs that infringe upon the '189 Patent and/or the overall appearance thereof;

b.     Engaging in any other activity constituting unfair competition with Deckers, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements used or owned by or associated with Deckers; and

c.     Committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendant are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Deckers;

3.     Ordering Defendant to recall from any distributors and retailers and to deliver to Deckers for destruction or other disposition all remaining inventory of all Accused Products and related items, including all advertisements, promotional and marketing materials therefore, as well as means of making same;

4.     Ordering Defendant to file with this Court and serve on Deckers within thirty (30) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

5.     Ordering an accounting by Defendant of all gains, profits and advantages derived from its wrongful acts pursuant to 15 U.S.C. § 1117(a) and 35 U.S.C. § 289;

6.     Awarding Deckers all of Defendant's profits and all damages sustained by

Deckers as a result of Defendant's wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate;

7. Awarding treble damages in the amount of Defendant's profits or Deckers' damages, whichever is greater, for willful infringement;

8. Awarding applicable interest, costs, disbursements and attorneys' fees;

9. Awarding Deckers' punitive damages in connection with its claims under California law; and

10. Such other relief as may be just and proper.

Dated:      April 17, 2017          BLAKELY LAW GROUP

By: _____
     Brent H. Blakely
     Cindy Chan
     Jessica C. Covington
     *Attorneys for Plaintiff*
     *Deckers Outdoor Corporation*

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Deckers Outdoor Corporation hereby demands a trial by jury as to all claims in this litigation.

Dated:      April 17, 2017          BLAKELY LAW GROUP

By: _____
     Brent H. Blakely
     Cindy Chan
     Jessica C. Covington
     *Attorneys for Plaintiff*
     *Deckers Outdoor Corporation*

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

# EXHIBIT A

US00D616189S

(12) **United States Design Patent**   (10) **Patent No.:**   **US D616,189 S**

MacIntyre   (45) **Date of Patent:**   ** *May 25, 2010

(54) **PORTION OF A FOOTWEAR UPPER**

(75) Inventor: **Jennifer MacIntyre**, Santa Barbara, CA (US)

(73) Assignee: **Deckers Outdoor Corporation**, Goleta, CA (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/343,479**

(22) Filed: **Sep. 14, 2009**

**Related U.S. Application Data**

(63) Continuation-in-part of application No. 29/326,868, filed on Oct. 27, 2008, now Pat. No. Des. 599,999.

(51) **LOC (9) Cl.** .................................. **02-99**
(52) **U.S. Cl.** ................................... **D2/970**
(58) **Field of Classification Search** ................. D2/896, D2/902, 903, 905–915, 946, 970, 972, 974, D2/976;  36/45, 50.1, 83, 3 A, 7.1 R, 113, 36/101, 112, 114, 116, 126–130, 48
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| D21,954 S | * | 11/1892 | Richardson | ................. D2/910 |
| D125,568 S | | 3/1941 | Hard | |
| D155,573 S | | 10/1949 | Bingham, Jr. | |
| D159,577 S | * | 8/1950 | Stromberg | ................. D2/900 |
| D159,761 S | * | 8/1950 | Barron | ....................... D2/910 |
| D227,197 S | | 6/1973 | Fukuoka | |
| D284,805 S | * | 7/1986 | Smith | ......................... D2/900 |
| D319,332 S | | 8/1991 | Itzkowitz | |
| D357,572 S | * | 4/1995 | Seiler et al. | ................. D2/910 |
| D386,292 S | * | 11/1997 | Brooks et al. | ............... D2/970 |
| D386,294 S | * | 11/1997 | Brooks et al. | ............... D2/970 |
| D400,342 S | * | 11/1998 | Davidowitz et al. | .......... D2/909 |
| D481,863 S | | 11/2003 | Belley et al. | |
| D497,476 S | * | 10/2004 | Huard et al. | ................. D2/970 |
| D521,228 S | * | 5/2006 | Kelsey | ........................ D2/976 |
| D529,269 S | | 10/2006 | Belley et al. | |
| D539,024 S | * | 3/2007 | Belley et al. | ................. D2/970 |

| | | | | |
|---|---|---|---|---|
| D554,341 S | * | 11/2007 | Belley et al. | ................. D2/970 |
| D575,495 S | | 8/2008 | Le | |
| D580,158 S | | 11/2008 | Belley et al. | |

(Continued)

FOREIGN PATENT DOCUMENTS

DE       40702148       8/2007

(Continued)

OTHER PUBLICATIONS

UGG Australia, Bipster model, p. 1, Oct. 3, 2008.

(Continued)

*Primary Examiner*—Robert M Spear
*Assistant Examiner*—Rashida C McCoy
(74) *Attorney, Agent, or Firm*—Greer, Burns & Crain, Ltd.

(57) **CLAIM**

The ornamental design for a portion of a footwear upper, as shown and described.

**DESCRIPTION**

FIG. **1** is a perspective view of a portion of a footwear upper showing my new design;

FIG. **2** is a side elevational view thereof;

FIG. **3** is an opposite side elevational view thereof;

FIG. **4** is a front elevational view thereof;

FIG. **5** is a rear elevational view thereof; and,

FIG. **6** is a top plan view thereof.

The broken lines in FIGS. **1**–**6** represent portions of the footwear that form no part of the claimed design. The broken line which defines the bounds of the claimed design forms no part thereof.

**1 Claim, 6 Drawing Sheets**



**US D616,189 S**

Page 2

U.S. PATENT DOCUMENTS

| | | |
|---|---|---|
| D581,140 S | 11/2008 | Earle |
| D585,636 S | 2/2009 | Earle |
| D591,496 S | 5/2009 | Earle |

FOREIGN PATENT DOCUMENTS

| | | |
|---|---|---|
| EP | 00718002-0006 | 4/2007 |
| EP | 001159008-0005 | 8/2009 |

OTHER PUBLICATIONS

UGG Australia, Henry model, p. 1, Oct. 3, 2008.
UGG Australia, Erin model, p. 1, Oct. 3, 2008.

UGG Australia, Cove model, p. 1, Oct. 27, 2008.
UGG Australia, Kona model, p. 1, Oct. 27, 2008.
Steve Madden MISSYY Brown Suede boot, www.jildorshoes.com, Dec. 9, 2008.
Catalogue Moscow Shoes, summer 2006, p. 2 top center.
UGG Australia 1990 Catalog, Classic Tall model, 1990.
UGG Australia Fall/Winter 2004 Catalog, Larkspur model, 2004.
Sportsmaster, Russian Federation, Autumn/Winter 2008-2009.

* cited by examiner



FIG. 1



FIG. 2



FIG. 3



# FIG. 4

U.S. Patent          May 25, 2010          Sheet 5 of 6          US D616,189 S



FIG. 5

Case 2:17-cv-02907-R-JPR   Document 1   Filed 04/17/17   Page 23 of 23   Page ID #:23



FIG. 6